IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50368
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOLORES ANN FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of
USDC No. EP-98-CR-1011-ALL-DB
--------------------

November 17, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Flores argues on direct appeal that her trial attorney
provided ineffective-assistance-of-counsel because he failed to
file motions to suppress which argued that: 1) customs agents
lacked reasonable suspicion to justify a "second avenue"
inspection; and 2) use of military personnel and a military
canine at the border check point violated the Posse Comitatus
Act, 18 U.S.C. § 1385.  Although not framed as an issue on

appeal, Flores also asks this court to review the alleged

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

violation of the Posse Comitatus Act for plain error.

A claim of ineffective assistance is generally not reviewable on direct appeal unless the district court has already addressed the contention. United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995). If the claim is raised for the first time on appeal, this court will reach the merits of the claim only in rare cases where the record allows the court to evaluate fairly the merits of the claim. United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). Because Flores' claims are based upon a failure to file motions to suppress where no record has been developed below, her case is not one of those rare exceptions. See United States v. Maria-Martinez, 143 F.3d 914, 916 (5th Cir. 1998). Any ineffective-assistance claim she may wish to bring may be brought in a 28 U.S.C. § 2255 motion.

In a two-sentence argument, Flores asks this court to review the alleged violation of the Posse Comitatus Act for plain error. Even if Flores had properly framed and argued this issue, it would not prevail. The facts of this case present no basis to warrant the creation or application of an exclusionary rule in the context of plain error review. See United States v. Hartley, 796 F.2d 112, 115 (5th Cir. 1986).

Because Flores' arguments are not cognizable and without merit, we hereby dismiss her appeal as frivolous. 5TH CIR. R. 42.2.

APPEAL DISMISSED.